JOHN H. HOFFECKER, Administrator *c. t. a.* of HORACE DRYDEN CLARK, Deceased,

*vs.*

HORACE CLARK, DRYDEN O. CLARK, MARY M. CLARK, and WALTER F. CLARK.

Kent, March T. 1888.

*Will; construction; sale to pay debts.*

1. A will construed and held to create a trust as to certain bank and municipal stocks, and the administrator *cum testamento annexo* instructed to assign such stocks to the persons who may be appointed trustees in the place of those named in the will, who had declined to serve.

2. The personal property designated by the will for the payment of debts and expenses, and that not specifically devised being insufficient for the purpose, the administrator *cum testamento annexo* is ordered to sell so much of certain bank stock devised in trust for testator's children as may be necessary for payment of debts and expenses.

BILL FILED BY THE COMPLAINANT FOR INSTRUCTIONS AS TO HIS DUTY UNDER THE WILL OF THE DECEDENT.—The bill in this case states that Horace Dryden Clark, late of the town of Smyrna, in Kent County, deceased, made and published his last will and testament on the seventeenth day of April, A. D. 1886, which was, after his death, duly admitted to probate in the proper office at Dover; that Horace Clark, one of the defendants, and James Tasker, of Montreal, in the Dominion of Canada, were nominated as executors of said will, but severally renounced such executorship, and thereupon letters of administration with the will annexed were in due form granted unto John H. Hoffecker, the said complainant.

That, *inter alia*, the said testator was possessed of

three hundred and fifty-five (355) shares of the public fund of the city of Montreal of the par value of one hundred dollars ($100) per share; also of one hundred and ninety-six (196) shares of the capital stock of the Bank of Montreal, of the par value of two hundred dollars ($200) per share; and also of two hundred and fifty shares of the Canadian Bank of Commerce at Toronto, of the par value of fifty dollars per share; that as to the said securities the said testator made the following provisions in his will, to wit:

"I give, devise, and bequeath to my daughter Mary, during her natural life, one third of the interest and dividends on all my stock in the Bank of Montreal and all the 4 per-cent stock against the city of Montreal, and after her death one third of the stock itself I give to her children.

"I give to my son, Walter, during his life, one third of the interest and dividends on all my stock in the bank of Montreal, and all the 4 per-cent stock against the city of Montreal, and after his death I give one third of the stock to his children.

"I give to my son Dryden one third of the interest and dividends on all my stock in the Bank of Montreal and all the stock against the city of Montreal, and after his death I give one third of the stock itself to his children.

"In case of the death of either one or two of said named Mary, Walter, or Dryden without children living, then the survivors or survivor, as the case may be, shall have all of said city and bank stocks, and, in the event that none of said three children shall leave any issue living, the said son Horace shall have said stock, if he is alive, but if not alive his children shall have it. Neither of said children Dryden, Mary, nor Walter shall have power to hypothecate or mortgage, incumber, sell, or place any lien upon any dividends, or any bonuses on the

stock of the Bank of Montreal nor stock of the city of Montreal or interest or stock against the city of Montreal.

"I give all my stock in Canadian Bank of Commerce at Toronto to my executors or administrators in trust in four equal parts for my said children, Mary, Dryden, Walter and Horace, except fifty dollars a year shall be taken from the dividends and paid to William H. Clark, commencing on the first day of January after my decease and to continue for five years, if said William lives so long after my decease, but if said William dies sooner than five years after my decease then said payment of fifty dollars per year shall cease. After the lapse of five years, or upon the sooner death of said William, said trust shall end and said Bank of Commerce stock shall go absolutely and without limitation in four equal shares to my said four children, Mary, Dryden, Walter, and Horace.

"The above bequest of said William shall be in lieu and satisfaction of all claims whatsoever he may attempt to set up against me or my estate."

That the said testator specifically bequeathed all the personal securities constituting his personal estate, except a very insignificant part thereof, and subsequently in his said will made the following provision: "All the personal property that I own or have any interest in not given away or disposed of in some part of this will, I give to my three youngest children, Dryden, Mary and Walter, which shall be a fund in the executor's hands to pay any just claims against me, to defray the expenses of administration, funeral expenses, and charges."

That subsequently in the said will the testator did provide as follows: "I appoint William Doran, of Montreal, trustee for my son Dryden; I appoint George W. Stevens, of Montreal, trustee for my daughter Mary; and I appoint Thomas Workman, of Montreal, trustee for my

son Walter." That each of the said persons so designated as trustees have declined to accept the said trusts and have formally renounced the same. That the personal estate, other than that so specifically disposed of, is wholly insufficient for the payment of the debts and expenses of administering the estate.

Prayers are: (1) answer; (2) that the complainant may be fully instructed and directed as to his duties under said will and as to the manner of their execution; (3) general relief; (4) subpœna.

The answer of all the defendants admits the truth of the allegations contained in the bill.

*George V. Massey* and *N. B. Smithers*, for the complainants.

*James Pennewill*, for the defendants.

THE CHANCELLOR.—A trust is created by the will of Horace Dryden Clark as to the stock in the Bank of Montreal and the 4 per-cent stock of the city of Montreal, by the said will bequeathed; and I instruct and direct the complainant to assign the said stocks to such person or persons as may be hereafter duly constituted and appointed trustee or trustees in the room and stead of the several persons named in the said will as trustees who have heretofore renounced and declined to assume the said trusts; and I also direct the complainant to sell so much of the stock of the Canadian Bank of Commerce, bequeathed by the said will, as shall be necessary to pay the debts and expenses connected with the administration of the said estate (after applying such funds of the estate not otherwise disposed of as remain in his hands), and also the costs and expenses incident to this proceeding.